## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------X
VERMONT MUTUAL INSURANCE CO.                    C.A. NO.:
                        Plaintiff,
        vs.

DANIELLE LACOURSE
                        Defendant.
-----------------------------------------------------------X   MAY 9, 2013
```

## COMPLAINT
## THE PARTIES

1.      The Plaintiff Vermont Mutual Insurance Company is a Vermont

corporation having its principal place of business in Montpellier, Vermont and at all

times material was authorized to issue policies of insurance within the State of

Connecticut.

2.      The Defendant, Danielle Lacourse is a citizen of the State of Connecticut.

## JURISDICTION

3.      This action is being brought pursuant to 28 U.S.C. Section 2201 as a

request for declaratory relief.

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332

based upon the diversity of citizenship of the parties and an amount in controversy in

excess of $75,000.

5.      Venue is proper in this district pursuant to 28 U.S.C. Section 1391 as the

insurance was issued in this district and the Defendant is subject to jurisdiction in this

district.

## FACTUAL ALLEGATIONS

6.      On October 1, 2012 the Plaintiff received a request from the Defendant to add the property at 6 Prospect Street, Putnam, Connecticut ("the property") as an insured location to an existing policy.

7.      Before agreeing to add the property to the policy, the Plaintiff requested certain information, including a representation of the Defendant's ownership interest in the property.

8.      The Defendant represented to her insurance agent that she was the primary owner of the property.

9.      The Defendant's insurance agent in turn informed the Plaintiff that the Defendant was the primary owner of the property.

10.      Unbeknownst to the Plaintiff, at the time the request was made to add 6 Prospect Street, Putnam Connecticut to the policy, the Defendant was not the owner of the property but rather held the interest of a mortgagee.

11.      Had the Plaintiff known the Defendant's interest in the property was that of a mortgagee it would not have agreed to add the property to the existing policy.

12.      At the time the Defendant requested that the property be added to the policy, she had initiated foreclosure proceedings against the owner of the property.

13.      Had the Plaintiff known foreclosure proceedings were pending regarding the property, it would not have agreed to add it to the existing policy.

14.      In furtherance of the request to add the property to the policy the Defendant provided answers to a written questionnaire that stated that all five rental units at the property were occupied.

15.     Based upon the information in its possession and the representations of the Defendant, on November 6, 2012 the Plaintiff issued an endorsement adding the property to the existing policy, with an effective date of September 25, 2012.

16.     On January 22, 2013 a fire occurred at the property and the Defendant made claim for coverage under the policy for physical damage to the property and liability protection for any claims made against her by third parties.

17.     The Defendant did not take title to the property until January 23, 2013.

18.     As of the time of the fire, upon information and belief, less than half of the rental units at the property were occupied.

19.     The Plaintiff would not have agreed to add the property to the existing policy if it had the same occupancy rate at the time coverage was requested as it had at the time of the fire.

20.     The Plaintiff did not learn the true facts concerning the interest of the Defendant in the property, the pendency of the foreclosure action and the occupancy of the property until after the fire of January 22, 2013.

21.     On May 9, 2013, the Plaintiff's counsel sent a letter to the Defendant's counsel explaining that the endorsement adding the property to the existing policy was rescinded since it would not have been issued had the Plaintiff known of the interest of the Defendant in the property, the pendency of the foreclosure action or the occupancy of the property.

22.     The letter of May 9, 2013 also informed the Defendant that any claim for coverage as a result of the fire was denied because the endorsement adding the property to the policy was rescinded.

23.     The Plaintiff has returned the premium paid by the Defendant to add the property to the policy.

## LEGAL CLAIMS

24.     The endorsement issued by the Plaintiff covering the property was properly rescinded in since the Plaintiff would not have agreed to issue the endorsement had it been provided with accurate information concerning the Defendant's interest in the property, the foreclosure action or the occupancy rate of the property.

25.     In light of the rescission of the endorsement, the Plaintiff owes no insurance benefits to the Defendant as a result of the fire.

WHEREFORE, the Plaintiff Vermont Mutual Insurance Company requests an order from the Court declaring that no coverage is owed to the Defendant Danielle Lacourse along with such other relief as the court may deem appropriate.

THE PLAINTIFF,

By:_____
Stuart G. Blackburn
Blackburn & O'Hara, LLC
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. 860-292-1116
Fax 860-292-1221
sgblackburn@sgblackburn.com
Fed. Bd. #ct00686