UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____

| | |
|---|---|
| **VERMONT MUTUAL INSURANCE, CO.** | **CIVIL ACTION NUMBER:** |
| | **3:13-CV-00664-JBA** |
| **Plaintiff** | |
| v. | |
| **DANIELLE LACOURSE, ET AL.** | |
| **Defendants** | **MARCH 20, 2014** |

_____

### MOTION TO JOIN INDISPENSABLE PARTY

Pursuant to Federal Rule of Civil Procedure 19(a), the defendant, Danielle Lacourse, (Lacourse) moves to join as parties to this action Sumner & Sumner, Incorporated (Hereinafter referred to as "Sumner") having an office and principal place of business located at 757 Main Street, Willimantic, CT, 06226 and Victor L. Ebersole, Jr., (Hereinafter referred to as "Ebersole") an officer and employee of Sumner.

This declaratory judgment action was brought after the defendant, Danielle Lacourse made a claim to the plaintiff for coverage relating to a fire of January 22, 2013 at property known as 6-8 Prospect Street, Putnam, Connecticut. The plaintiff, Vermont Mutual Insurance Company, has rescinded the policy covering 6-8

Prospect Street, Putnam, Connecticut and denied any coverage under the policy for property damage or injuries arising from the fire of January 22, 2013. Vermont Mutual has asked the Court to determine that its rescission of the policy was justified.

Lacourse claims that she provided true and accurate information to Ebersole and Sumner and, further, that said information was given to plaintiff prior to the above property being insured. Lacourse also claims that any misinformation or misrepresentation, if it occurred, was the result of intentional or negligence acts or activities on the part of Ebersole and Sumner.

The Court's decision in this case may impair, legally or practically, the interests of Ebersole and Sumner whose absence will render this court incapable of according complete relief among the existing parties to this action.

Attached hereto is a proposed cross-claim which Lacourse intends to file against Sumner and Ebersole.

THE DEFENDANT, DANIELLE LACOURSE

BY _____
John J. Carta, Jr.
31 North Main Street
Essex, CT 06426
(860)-767-6570
Fax - (860)-767-6573
E-mail john@cartalaw.com
Juris No. 008727
Federal Bar No. ct 13131
Her Attorney

## CERTIFICATION

I hereby certify that on March 20, 2014 a copy of the foregoing was filed electronically and served by mal on any person unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to any person unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____

John Carta

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____

| | |
|---|---|
| **VERMONT MUTUAL INSURANCE, CO.** | **CIVIL ACTION NUMBER:** |
|  | **3:13-CV-00664-JBA** |
| **Plaintiff** |  |
| v. |  |
| **DANIELLE LACOURSE, ET AL.** |  |
| **Defendants** | **MARCH 20, 2014** |

_____

### CROSS CLAIM AGAINST SUMNER & SUMNER, INCORPORATEDE AND VICTOR L. EBERSOLE, JR.

1.  At all times mentioned herein, cross-claim defendant, Victor L. Ebersole, Jr. (Hereinafter "Ebersole"), was, and still is, an employee and officer of defendant, Sumner & Sumner, Incorporated (Hereinafter "Sumner"), and worked in the capacity of an agent with the authority to write policies of insurance with several insurance companies, including the plaintiff herein.

2.  On or about October 1, 2012, cross-claim plaintiff Danielle Lacourse, (Hereinafter "Lacourse") approached Sumner and Ebersole, and requested that

property located at 6 Prospect Street, Putnam, Connecticut be added to an existing property.

3. At all times herein mentioned Lacourse was truthful in her representations to Sumner and Ebersole with regard to her status as a mortgagee of said property and the fact that the property was in foreclosure.

4. Upon information and belief Sumner and Ebersole communicated information to plaintiff and 6 Prospect Street, Putnam, Connecticut was added as an insured location to an existing policy.

5. Relying upon the issuance of the policy, Lacourse believed that said property was fully insured for physical damage to the property and for liability for third party claims.

6. Both Sumner and Ebersole, at all times relevant hereto, were provided accurate information regarding Lacourse's interest in the property.

7. On or about January 22, 2013 a fire occurred at the subject property which resulted in total destruction of the building and the deaths of two minor children residing at the property.

8. Plaintiff has rescinded the policy and has refused coverage for property damage claims and third party claims alleging that the policy was issued based upon false information regarding Lacourse's interest in the property; plaintiff claims that had it known that Lacourse was a mortgagee it would not have issued the policy of insurance.

9. Although Lacourse has alleged in her counterclaim against plaintiff that it knew or should have known that Lacourse was a mortgagee, in the event it did not know and issued the policy on the basis of representations that she was the outright owner of the policy, those representations were communicated to it by Sumner and Ebersole, not Lacourse.

10. Any misrepresentations made by Sumner and Ebersole to plaintiff were made with the full and complete knowledge that Lacourse held a mortgagee's interest in the subject property, were made without Lacourse's knowledge or permission, and were made with the sole purpose of inducing plaintiff to issue a policy of insurance.

11. Sumner and Ebersole were negligent in their communications with plaintiff and in communication false and misleading information to plaintiff.

12. Sumner and Ebersole owed a duty to Lacourse to provide accurate information to plaintiff so that any policy of insurance would not be rescinded and that coverage would not be denied in the event of a loss; in the event plaintiff was provided false and misleading information, as aforesaid, that duty was breached by Sumner and Ebersole.

13. At all times mentioned herein Ebersole was acting within the scope of his employment as an agent and officer of Sumner.

## **LEGAL CLAIMS**

14. Compensatory damages

15. Indemnification for any losses or damages incurred by Lacourse as a result of the destruction of her property and claims made by third parties for the wrongful deaths of the two minor children.

16. Punitive damages.

THE DEFENDANT, DANIELLE LACOURSE

BY _____
John J. Carta, Jr.
31 North Main Street
Essex, CT 06426
(860)-767-6570
Fax - (860)-767-6573
E-mail john@cartalaw.com
Juris No. 008727
Federal Bar No. ct 13131
Her Attorney

## **CERTIFICATION**

I hereby certify that on March 20, 2014 a copy of the foregoing was filed electronically and served by mal on any person unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to any person unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____

John Carta