UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERMONT MUTUAL INSURANCE CO., *Plaintiff*, *v.* DANIELLE LACOURSE, *et al.*, *Defendants*. | Civil No. 3:13cv664 (JBA) October 16, 2014 |

**RULING ON MOTION TO DISMISS CROSSCLAIMS**

Crossclaim Defendants Victor L. Ebersole, Jr. and Sumner & Sumner, Inc. ("Sumner & Sumner") move [Doc. # 51] to dismiss Defendant Danielle LaCourse's crossclaim filed against them on the basis that because they were improperly joined as parties and their joinder was untimely, the Court should decline to exercise supplemental jurisdiction over such claims.  For the reasons that follow Crossclaim Defendants' motion is granted.[1]

**I.      Background**

Plaintiff Vermont Mutual Insurance Company initiated this action on May 9, 2013, seeking a declaratory judgment that it does not owe insurance benefits to Defendant LaCourse for damages arising out of a fire that occurred on January 22, 2012 at 6 Prospect Street in Putnam, Connecticut, because Defendant LaCourse provided false and misleading information to Vermont Mutual regarding her ownership interest in the

---

[1] In the absence of any indication from the parties that oral argument was requested, *see* Loc. Civ. R. 7(a)1 (requiring that all motions and opposition briefs indicate whether oral argument is requested), the Court's previously scheduled oral argument is canceled and this ruling will issue, *see id.* ("[T]he Judge may, in his or her discretion," rule on a motion without oral argument.).

property.  (*See* Complaint [Doc. # 1].)   Ms. LaCourse filed a counterclaim against Vermont Mutual for breach of contract and indemnification for damages arising from Vermont Mutual's denial of coverage.  (*See* Answer and Counterclaims [Doc. # 12].)

On March 20, 2014, Defendant LaCourse moved [Doc. # 28] pursuant to Fed. R. Civ. P. 19(a) to join her insurance brokers Mr. Ebersole and Sumner & Sumner to this action as necessary parties, contending that Defendant provided accurate information to her brokers regarding the coverage sought and that any misrepresentation made to Vermont Mutual was the result of the intentional or negligent acts of Mr. Ebersole and Sumner & Sumner.  This motion was granted [Doc. # 29] absent objection and Mr. Ebersole and Sumner & Sumner were served [Doc. ## 33–34] with the Crossclaim Complaint [Doc. # 30] on April 25, 2014.

## II.    Discussion

Mr. Ebersole and Sumner & Sumner contend that the Court should decline to exercise supplemental jurisdiction over the crossclaims asserted against them on the basis that such claims were improperly asserted against them as necessary parties under Rule 19, instead of under Rule 20, governing permissive joinder.[2]  This issue was not previously examined because Defendant's Motion for Joinder was granted absent

---

[2] Movants also contend that joinder under Rule 19(a)(1) was improper because it deprived the court of diversity subject-matter jurisdiction in that Defendant and Movants are not diverse from each other.  (*See* Reply [Doc. # 54] at 1.)  However, Plaintiff and Defendant are diverse and the Court could exercise supplemental jurisdiction over Defendant's third-party claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005), including claims asserted against a non-diverse party joined by a defendant under either Rule 19 or Rule 20, *see Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 728 (2d Cir. 2000).

objection and it does not appear that Movants received notice of the motion before it was granted.[3]

Although the Court may exercise supplemental jurisdiction over Defendant's claims against Movants, it may decline to exercise such jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C § 1367(c).

"[W]here at least one of the subsection 1367(c) factors is applicable, a district court" may decline to exercise supplemental jurisdiction but only if dismissing such claims would "promote the values articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)]; economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("Under *Gibbs,* a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience,

---

[3] The case docket indicates that Movants were not served with Defendant's Motion for Joinder by the Court's CM/ECF system, and the Certification of service accompanying this motion does not indicate whether Movants were served with the motion by other means. Thus, it is not clear that Movants had an opportunity to oppose joinder before it was granted and before they filed this Motion to Dismiss.

fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").[4]

Movants contend that such factors weigh against exercising supplemental jurisdiction, because (1) Defendant LaCourse's Motion for Joinder was untimely, (2) exercising supplemental jurisdiction over the claims against Movants would require reopening discovery and would delay adjudication of the original claims, (3) the Crossclaim Complaint presents claims that are more complex than those in the original complaint; and (4) the claims raised in the Crossclaim Complaint are premature. (Reply at 2 n.1.)

The Court agrees that these factors weigh in favor of the Court declining to exercise supplemental jurisdiction. First, Defendant had a deadline of September 1, 2013 to join parties or claims (*see* Report of Parties' Planning Mtg. [Doc. # 10] at 6) yet did not move to join Mr. Ebersole and Sumner & Sumner until over six months past this deadline and Movants were served with the crossclaims just five days before the scheduled close of

---

[4] If Movants had been provided with an opportunity to object to a motion for permissive joinder, the Court would have considered similar factors. *See Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126–27 (2d Cir. 1970) ("Rule 19, prescribes permissive, not necessary, joinder and specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice . . . ."); *Travelers Indem. Co. of Connecticut v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 565 (S.D.N.Y. 2001) ("[T]he Court . . . must determine if joinder 'will comport with the principles of fundamental fairness.'"). While the Court retains authority to vacate the Order granting Defendant's Motion for Joinder, *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."), Movants have not sought such relief and thus the Court will instead focus only on the question of whether to decline to exercise supplemental jurisdiction, which will involve a consideration of similar values of judicial economy and fundamental fairness.

discovery. The deadline for the filing of dispositive motions has now passed and neither Plaintiff nor Defendant has filed any such motions. Thus, exercising supplemental jurisdiction would require reopening discovery and delaying the adjudication of a case that is otherwise ready for trial and has a trial ready date of December 1, 2014. (*See id.* at 7, 9; Sept. 5, 2013 Scheduling Order.)

Further, Movants claim to have been prejudiced by this delay in that their depositions were taken before they were added as third-party defendants in this action and before they retained the counsel now representing them in this action. (*See* Mem. Supp. [Doc. # 52] at 10.) Defendant has not addressed these arguments nor provided any explanation for her delay, which appears unjustified given that the nature of the claims against Movants should have been known since the inception of this action.

In *Mariani v. D & H Mgmt. Servs., LLC*, No. 12cv930 (RNC), 2014 U.S. Dist. LEXIS 44491, at *5–6 (D. Conn. Mar. 30, 2014), the court declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) and dismissed a third-party complaint filed by the defendants in an underlying action, which sought indemnification for a potential judgment in the underlying action, on the basis of the defendants' delay in asserting such claims. *See id.* ("After careful consideration, the Court concludes that the age and status of the original case at the time the motion to implead Travelers was filed, and the probability that the existing deadlines in the scheduling order would have to be extended by a year or more in order to accommodate the third party claims, create exceptional circumstances that warrant declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4).").

5

Likewise here the Court declines to exercise supplemental jurisdiction over Defendant's third-party claims against Movants pursuant to 28 U.S.C. § 1367(c)(4) on the basis that Defendant's delay in asserting such claims would delay the adjudication of this case and cause prejudice to Movants, and thus retaining jurisdiction would be inconsistent with the values of "economy, convenience, [and] fairness." *Jones*, 358 F.3d at 214.[5]

### III. Conclusion

For the reasons set forth above, the Motion [Doc. # 51] to Dismiss of Crossclaim Defendants Victor L. Ebersole, Jr. and Sumner & Sumner is GRANTED and the claims against them are dismissed without prejudice to refile in state court. *See Giordano v. City of New York*, 274 F.3d 740, 755 (2d Cir. 2001) ("We therefore vacate the district court's judgment dismissing with prejudice the state and municipal claims and instruct the court to dismiss them without prejudice so that the state courts may adjudicate those claims in their entirety if the plaintiff chooses to pursue them in those courts.").

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of October, 2014.

---

[5] Although there is anticipated factual overlap between Plaintiff's claims against Defendant and the substance of Defendant's claims against Movants, Defendant's delay in asserting such claims undermines the potential for the exercise of supplemental jurisdiction to promote judicial economy.