IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------X
                                                     :
VERMONT MUTUAL INSURANCE CO.                         :     3:13 CV 664 (JGM)
                                                     :
V.                                                   :
                                                     :
DANIELLE LACOURSE ET AL.                             :     DATE: APRIL 29, 2015
                                                     :
-----------------------------------------------------X
```

RULING ON DEFENDANT LACOURSE'S MOTION FOR NEW TRIAL

On May 9, 2013, plaintiff Vermont Mutual Insurance Co. commenced this declaratory judgment action against defendant Danielle LaCourse, with respect to an insurance policy it had issued for property located at 6 Prospect Street, Putnam, Connecticut; plaintiff alleged that at the time the policy was issued, defendant LaCourse erroneously had represented to her insurance agent that she was the primary owner of the property when in fact, and unbeknownst to plaintiff, she was a mortgagee of the property and foreclosure proceedings were pending.  (Dkt. #1, at 2).  Plaintiff further alleged that defendant LaCourse misrepresented that all five rental units were occupied.  (Id.).  Plaintiff contended that based upon this fraudulent information, on November 6, 2012, it issued an endorsement adding this property to an existing policy, effective as of September 25, 2012.  (Id. at 3). A fire occurred at the property on January 22, 2013, one day prior to the law day in the foreclosure action, which seriously damaged the property and caused the deaths of two young occupants. (Id.). After its investigation, plaintiff returned the premium to defendant LaCourse.  (Id. at 4).  On October 31, 2013, defendant LaCourse filed her Answer.  (Dkt. #12).[1]

On November 21, 2013, plaintiff filed an Amended Complaint, in which it added as

---

[1] Defendant LaCourse also filed a counterclaim for breach of contract (Dkt. #12), but the plaintiff's oral motion for partial directed verdict on the counterclaim was granted, absent objection, on March 11, 2015.  (Dkts. ##89-90).

defendant the Administrator of the estate of the two deceased tenants. (Dkt. #15; see also Dkts. ##11, 14, 76 (changing names of administrators), 84, 86).[2] Defendant LaCourse filed her jury demand on February 14, 2014 (Dkt. #25) and her Answer on March 6, 2014. (Dkt. #26).[3] On November 17, 2014, the parties consented to trial before this Magistrate Judge. (Dkts. ##63, 65; see also Dkts. ##57-59, 61-62).

The jury trial was held from March 9 through March 12, 2015 (Dkts. ##87-96), with the jury finding in plaintiff's favor, namely that defendant LaCourse concealed or misrepresented material facts to plaintiff in seeking coverage for the property, that she knew that the material facts that she provided were untrue and acted with the intent to deceive plaintiff, that the concealed or misrepresented material facts were not an unintentional mistake or opinion honestly entertained by defendant LaCourse, and further that defendant LaCourse willfully concealed or misrepresented material information to plaintiff during its investigation of her insurance claim. (Dkt. #93, Questions A.1 to A.3, A.8).[4]

On March 30, 2015, defendant LaCourse filed the pending Motion for New Trial (Dkt. #97),[5] as to which plaintiff filed its brief in opposition on April 9, 2015. (Dkt. #98). Defendant LaCourse argues that the jury "engaged in speculation" and failed to follow the Court's jury instructions regarding communications between defendant LaCourse and Victor

---

[2] These additional defendants have been defaulted. (See Dkts. ##60, 82).

[3] She also filed a counterclaim. See note 1 supra. Defendant LaCourse additionally filed a cross-claim against her insurance agent, Sumner & Sumner, Inc. and Victor L. Ebersole, Jr. (Dkt. #30; see also Dkts. ##28-29), but on October 16, 2014, U.S. District Judge Janet Bond Arterton, to whom this file originally had been assigned, dismissed the cross-claim. (Dkt. #55; see also Dkts. ##51-54).

[4] Neither party ordered a transcript of the trial, and thus the Court will rely upon the admitted exhibits and its copious notes.

[5] Defendant LaCourse filed this motion pursuant to FED. R. CIV. P. 50 (Dkt. #97, at 1), but as plaintiff correctly points out, the motion is one under FED. R. CIV. P. 59. (Dkt. #98, at 1).

Ebersole that "may have happened between September 21, 2012 and September 25, 2012," since there was "no evidence presented at trial" concerning such communications. (Dkt. #97, at 1-2). Defendant LaCourse posits that from the stipulated facts (Dkt. #96, at 4-5, ¶¶ 1, 4), the testimony of Ebersole and of defendant LaCourse, and plaintiff's Exh. 3, there is "overwhelming" evidence that prior to October 5, 2012, when the property was bound, defendant LaCourse kept Sumner & Sumner apprised of all the facts, that Sumner & Sumner reported all these facts to plaintiff's underwriter, Julie Moody, that Moody "had expressed concern about adding the property to the existing policy," that plaintiff "clearly" had knowledge of all the material facts, and that defendant LaCourse never concealed any facts from plaintiff. (Dkt. #97, at 2-4, 6). Defendant LaCourse further contends that plaintiff's Exh. 4, a text message between defendant LaCourse and Ebersole in which defendant LaCourse stated that she was the "primary owner" of the property, was not shown to plaintiff, that such statement is "the legal and literal truth" under Connecticut property law, that after October 5, 2012, Ebersole became the agent of plaintiff and not of defendant LaCourse, and that the jury failed to follow the Court's instructions. (Id. at 4-6).

In contrast, plaintiff argues that the jury "no doubt" relied upon the testimony of Ebersole, defendant LaCourse, and of Dale Groves, who is a Commercial Lines Manager for plaintiff, and plaintiff's Exhs. 1, 3, 4, 5, and 6, to reach its conclusions that Ebersole and his assistant, Danielle O'Brien, were well aware, from their discussions with Moody and from plaintiff's underwriting rules, that plaintiff is unwilling to insure someone who only holds the interest of a mortgagee, that Ebersole explained plaintiff's policy to defendant LaCourse, that defendant LaCourse made the representation that she owned the building to avoid the higher premium quoted by Lloyd's of London, that plaintiff did not learn that defendant LaCourse

was only a mortgagee until after the fire on January 21, 2013, that Connecticut property law on title is "not relevant" in light of plaintiff's underwriting policies, and that "[t]he evidence supports the conclusion that [defendant LaCourse] acted to conceal from [plaintiff] her true interest in the property." (Dkt. #98, at 2-5).[6] In addition, plaintiff emphasizes that "[i]t is evident from the verdict that the jury did not find [defendant] LaCourse to be credible[,]" (id. at 5), which is a jury evaluation that should be rarely disturbed. (Id. at 2, citing Weber v. FujiFilm Med. Sys. U.S.A., Inc., 933 F. Supp. 2d 285, 306 (D. Conn. 2013), corrected on other grounds,10 CV 401 (JBA), 2013 WL 6592592 (D. Conn. Dec. 16, 2013), aff'd in part and rev'd in part on other grounds, 589 F. App'x 563 (2d Cir. 2014), cert. denied, 2015 WL 917122 (U.S. Apr. 6, 2015);[7] see also ING Global v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 98-99 (2d Cir. 2014); Rafter v. Fleet Boston Fin. Corp., 523 F. App'x 79, 81 (2d Cir. 2013); DePascale v. Sylvania Elec. Prods., Inc., 510 F. App'x 77, 79 (2d Cir. 2013); Nathans v. Offerman, 09 CV 256 (WWE), 2015 WL 1471842, at *1 (D. Conn. Mar. 31, 2015); Perkins v. S. New England Tel. Co., 07 CV 967 (JCH), 2012 WL 517286, at *1 (D. Conn. Feb. 14, 2012)). Thus, plaintiff argues that "there was ample evidence for the jury to make its findings," and "[i]t cannot be said that there was an egregious miscarriage of justice done by the verdict or that the verdict represented a seriously erroneous result." (Id. at 1, 5, citing Pappas v. New Haven Police Dep't, 278 F. Supp. 2d 296, 301 (D. Conn. 2003);[8] see also Stampf v. Long Island RR. Co., 761 F.3d 192, 202 (2d Cir. 2014); Christensen v. Cnty. of Duchess, N.Y., 548 F. App'x 651, 653 (2d Cir. 2013); DePascale v. Sylvania Elec. Prods.,

---

[6]As plaintiff indicates, neither Moody nor O'Brien testified at trial. (Dkt. #98, at 3; see also Dkt. #94).

[7]Plaintiff's citation did not include an internal page cite, nor the subsequent history.

[8]Plaintiff's internal page citation was incorrect.

4

Inc., 510 F. App'x 77, 78 (2d Cir. 2013); MacDermid Printing Solutions, LLC v. Cortron Corp., 08 CV 1649 (MPS), 2015 WL 251527, at *10 (D. Conn. Jan. 20, 2015); Castelluccio v. Int'l Bus. Machs/ Corp., 09 CV 1145 (TPS), 2014 WL 3696365, at *8 (D. Conn. July 23, 2014); Munn v. Hotchkiss Sch., 24 F. Supp. 3d 155, 168 (D. Conn. 2014); RBC Aircraft Prods., Inc. v. Precise Machining & Mfg., LLC, 26 F. Supp. 3d 156, 175 (D. Conn. 2014)).

Defendant LaCourse's motion makes little reference to Interrogatory No. 8, concerning her having willfully concealed or misrepresented material information to plaintiff during its investigation of her insurance claim. (Dkt. #93, Question A.8). Plaintiff's counsel was able to draw to the jury's attention to the many inconsistencies in defendant LaCourse's testimony, particularly with regard to the reasons she allegedly could not comply with plaintiff's requests of her, which easily could have led the jury to discount her testimony considerably. The evidence regarding defendant LaCourse's actions during the investigative process are more than sufficient to uphold the jury's finding.

Defendant LaCourse's testimony with respect to the events between September 21 and September 25, 2012 also contained glaring inconsistencies, specifically her insistence that during this time period she was distracted due to damage to another of her properties by Hurricane Sandy;[9] however, as plaintiff's counsel pointed out, Hurricane Sandy did not occur until the next month, on October 29, 2012. Her electronic communications with Ebersole, as reflected in Exhs. 1, 3, 4, 5, on which plaintiff relied, Exhs. 6, 9, Exh. B, as well as the testimony of Ebersole, clearly spell out plaintiff's reluctance to issue the insurance policy without defendant LaCourse having an ownership interest in the property. Defendant LaCourse responded, after being advised of plaintiff's practices, in a text message sent on

---

[9]Defendant LaCourse testified that she lost access to her computers for a period of time after the hurricane.

5

her Blackberry on September 25, 2012, in which she represented that she is the "primary owner" of that property, which information was forwarded to plaintiff. Thus, contrary to defendant LaCourse's contentions, there was more than ample evidence upon which the jury relied in making its findings.

Accordingly, defendant LaCourse's Motion for New Trial (Dkt. #97) is <u>denied</u>, and the Court will endorse the proposed Judgment submitted by plaintiff. (Dkt. #91).

Dated at New Haven, Connecticut, this 29th day of April, 2015.

<u>  /s/ Joan G. Margolis, USMJ  </u>
Joan Glazer Margolis
United States Magistrate Judge